**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 23, 2010*
Decided October 1, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1863

| | |
|---|---|
| VYTAUTAS BARANAUSKAS, et al., | Petition for Review of an Order of the |
| *Petitioners*, | Board of Immigration Appeals. |
| | |
| *v.* | Nos.   A 94 044 770, A 94 044 771, |
| | A 94 044 772 |

ERIC H. HOLDER, JR.,
Attorney General of the United States,
    *Respondent*.

**O R D E R**

Vytautas Baranauskas, along with his wife and son, are natives of Lithuania, and together they petition for review of an order of the Board of Immigration Appeals dismissing their appeal of an Immigration Judge's decisions denying their motion for a continuance and their third request for a substitution of counsel. We deny the petition.

---

*After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the petition for review is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

More than a year after Baranauskas first arrived in the United States, he contacted an individual who purported to be a lawyer and asked for advice on legalizing his status. Unbeknownst to Baranauskas, this person filed an asylum application on his behalf. That application alerted authorities to the family's presence in the United States, and the government began removal proceedings against them. Baranauskas never learned that he had been summoned to appear in immigration court, and when he failed to appear at the scheduled hearing, an IJ in Pennsylvania ordered the family removed *in absentia.*

Almost a year later immigration authorities found Baranauskas living in Chicago. After he was detained, Baranauskas moved to reopen the proceedings and to change venue to the immigration court in Chicago. He argued that the original asylum application had been fraudulent and that he was unaware of the outstanding removal order against him. In his motion, Baranauskas stated that he was "willing to voluntarily depart within a reasonable period of time." The IJ in Pennsylvania granted the motion to reopen and transferred the case to Chicago.

Over the next year, Baranauskas attended four immigration hearings in Chicago. In his first appearance, the IJ set Baranauskas's bond at $5000 and scheduled the family for "one final hearing" to determine whether they qualified for voluntary departure. But at the next hearing, instead of seeking voluntary departure, Baranauskas asked for a continuance, explaining that his wife needed to remain in the United States to resolve complications she had experienced from treatment for hepatitis C. The IJ granted this request but warned that he would make a final decision at the next hearing. When Baranauskas returned to court seven months later, he had a new lawyer who indicated that the family was now considering applying for asylum. On learning of this change in course, the IJ reminded Baranauskas that initially he had expressed no fear of returning to Lithuania and in fact had been willing to return voluntarily. Nonetheless the IJ granted Baranauskas another, much shorter, continuance and instructed him that, if he intended to apply for asylum, he had to submit an application at the next hearing.

Two weeks later, Baranauskas returned to court with yet another attorney and asked for yet another continuance. The new attorney stated that she had just been retained and needed more time to prepare. The IJ denied the request for a continuance as well as the attorney's motion to replace Baranauskas's previous counsel. He then asked Baranauskas if he was prepared to file an asylum application as he had been instructed at the previous proceeding. When Baranauskas responded that he was not, the IJ deemed the application abandoned, concluded that Baranauskas was neither ready nor willing to depart, and ordered the family removed.

Baranauskas appealed to the Board of Immigration Appeals, arguing that the IJ had erroneously denied the requests for a continuance and substitution of counsel and that these decisions violated his right to due process. The Board dismissed the appeal, concluding that the IJ had not erred in denying the continuance and that Baranauskas had not established a due-process violation because he had not shown that the IJ's decision prejudiced his case.

On appeal Baranauskas reasserts his challenge to the IJ's decisions regarding the continuance and the motion to substitute counsel. Because the Board agreed with the IJ's decisions but provided additional reasoning of its own, we review the IJ's decision as supplemented by the Board. *See Niam v. Ashcroft*, 354 F.3d 652, 655-56 (7th Cir. 2004).

We review the IJ's denial of Baranauskas's request for a third continuance for abuse of discretion. *See Kucana v. Holder*, 130 S. Ct. 827, 831 (2010); *Juarez v. Holder*, 599 F.3d 560, 565-66 (7th Cir. 2010). Immigration Judges have discretion to manage their own calendars, and they are free to grant continuances on a showing of good cause. *See* 8 C.F.R. § 1003.29; *Juarez*, 599 F.3d at 565. Baranauskas argues that he wanted a continuance so that he could confer with his new lawyer about possible avenues for remaining in the United States. But by the time the IJ entered the final removal order, the case had been pending for nearly a year, Baranauskas had come to court with three different sets of lawyers, and he had changed his mind at every hearing about how he wished to proceed. Under these circumstances, the IJ did not abuse his discretion in concluding that Baranauskas had failed to show good cause for another continuance. *See Mozdzen v. Holder*, No. 09-3017, 2010 WL 3463705, at *4 (7th Cir. Sept. 7, 2010).

Baranauskas fares no better on his due-process arguments, which we review de novo. *See Gutierrez-Berdin v. Holder*, No. 09-3526, 2010 WL 3258267, at *3 (7th Cir. Aug. 19, 2010). To establish that the IJ's refusal to grant a continuance or substitute counsel violated his right to due process, Baranauskas needed to demonstrate that the decision "likely affected the result of the proceedings." *See Alimi v. Gonzales*, 489 F.3d 829, 834 (7th Cir. 2007). Baranauskas has never applied for any form of relief from removal, and he never asserted (much less demonstrated) that the denied motions prevented him from pursuing a viable means of remaining in the United States, so he cannot make a showing of prejudice sufficient to sustain a due-process claim.

The petition for review is **DENIED**.